**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30232 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-00016-BMM-1 |
| v. | |
| DEZIRAE DAWN LIGHTHIZER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted June 11, 2019[**]

Before:     CANBY, GRABER, and MURGUIA, Circuit Judges.

Dezirae Dawn Lighthizer appeals from the district court's judgment and

challenges the $4,500 order of restitution imposed following her guilty-plea

conviction for counterfeiting obligations or securities of the United States, in

violation of 18 U.S.C. § 471.  We have jurisdiction under 28 U.S.C. § 1291, and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Lighthizer's
request for oral argument is denied.

we affirm.

Lighthizer contends that the district court erred by finding that she caused the losses suffered by several of the victims for whom she was ordered to pay restitution. We review the amount of a restitution award for abuse of discretion, and the factual findings supporting an order of restitution for clear error. *See United States v. Galan*, 804 F.3d 1287, 1289 (9th Cir. 2015). The district court heard testimony from a law enforcement agent linking each of the transactions for which restitution was ordered to the serial numbers of the counterfeit bills that Lighthizer admittedly placed into circulation. On this record, the district court did not clearly err in finding that Lighthizer caused the losses, and it did not abuse its discretion by ordering Lighthizer to pay $4,500 in restitution. *See United States v. De La Fuente*, 353 F.3d 766, 772-73 (9th Cir. 2003).

**AFFIRMED.**